*883 OPINION.
Tettssell :
The only question presented for redetermination in this proceeding, is the cost or value of the 135 acres of land on the date of acquisition by the petitioner.
For the purpose of proving that the land involved had a value in May, 1916, of at least $124,000, two witnesses, each of whom was at the date of the hearing on this proceeding a vice president of a Pontiac bank, testified that in their opinion the land in question was worth $1,000 per acre in May, 1916. However, those two witnesses gave no facts upon which their opinions were based. Such opinion evidence is not entitled to much, if any, weight, for the Board must have before it sufficient facts to enable it to arrive at its own independent conclusions.
*884 The record shows that approximately 60 days prior to the time when petitioner acquired this property, two of the promoters of the petitioner corporation had contracted to purchase the same property for $100,000. In the case of Ruppert v. McArdle, 42 App. D. C. 392, the court said:
Had there been no sale, the appraisements would have been a proper basis for judicial computation. But in the last instance, there was a judicial sale, which, we think, should be taken as conclusive evidence of the value of the property. An appraisement is merely prima facie evidence of the value of the property, and may be accepted in the absence of the better evidence of its market value. But a fair sale is the best evidence of the market value of the property sold.
The sale of the land in question for $100,000 near April 1, 1916, established the value of the land on that date and the period of time elapsing between said sale and the date on which the same land was transferred to the petitioner for its capital stock, was too short a time to permit a natural increase in value and from the evidence we are not warranted in finding that the land had a value greater than $100,000 on May 29, 1916.

The deficiencies against this petitioner are in the amounts of $4,324-46 f°r the year 1919; $2,176.10 for the year 1920, and $739.37 for the year 1921. Judgment will he so entered in due course.

Considered by Littleton, Smith, and Love.